IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRADLEY JOSEPH STEIGER, #229229, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> DERRICK CARTER, *et al.*, ) <br> ) <br> Respondents. ) | Civil Action No. <br> 2:17-cv-682-WHA-JTA <br> [WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Bradley Joseph Steiger on October 6, 2017. Doc. 1.[1] When he filed his petition, Steiger was an Alabama inmate serving a 16-year sentence for his 2003 Lowndes County conviction for production of child pornography. Steiger claims Alabama authorities incorrectly calculated his release date from his sentence by failing to give him credit for time he spent in jail related to federal charges against him. According to Steiger, if he were awarded the jail credit to which he is entitled, his state sentence would be fully served. For the reasons that follow, the court finds Steiger's petition should be dismissed without an evidentiary hearing.

---

[1] References to "Doc(s)." are to the document numbers of the pleadings, motions, and other materials in the court files, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

## II. BACKGROUND

On July 19, 2001, a federal jury in the Middle District of Alabama found Steiger guilty of sexual exploitation of children, possession of a computer or other storage media containing child pornography, and receipt of child pornography. *United States v. Steiger*, Case No. 2:00-cr-170-WHA (M.D. Ala. 2001). On October 25, 2001, the district court sentenced Steiger to 210 months (17.5 years) in prison. Steiger appealed to the Eleventh Circuit Court of Appeals, and in January 2003, that court affirmed his convictions and sentence. *See United States v. Steiger*, 318 F.3d 1039 (11th Cir. 2003).

In May 2003, after he had begun serving his federal sentence, Steiger pled guilty in the Circuit Court of Lowndes County, Alabama to production of child pornography, in violation of § 13A-12-197, Ala. Code 1975. Doc. 14-2 at 25. Steiger's state conviction involved a child who was also a victim in his federal case. On May 16, 2003, the state trial court sentenced Steiger to 16 years' imprisonment to run concurrently with his federal sentence. *Id.* at 26.

Steiger was released from federal prison in November 2015 and was extradited to Alabama to serve the remainder of his state sentence. In February 2016, while he was incarcerated at Kilby Correctional Facility in Mt. Meigs, Alabama, Steiger filed a state petition for writ of habeas corpus in the Circuit Court of Montgomery County claiming the Alabama Department of Corrections ("ADOC") had incorrectly calculated his release date from his state sentence by failing to give him credit for time he spent in jail related to his federal charges. Doc. 14-8 at 2–15. According to Steiger, if he were awarded the jail credit

to which he was entitled, his release date would be August 10, 2016. *Id*. at 5–6. However, the ADOC calculated his release date as May 15, 2019. *Id.*

The State moved to dismiss Steiger's habeas petition, arguing he was not entitled to credit against his state sentence for time he spent in jail related to his federal charges. Doc. 14-9. Attached to the State's motion to dismiss was an affidavit from Mark Bruton, Assistant Director of the ADOC Central Records Division, which explained that the ADOC had correctly computed Steiger's sentence.[2] In June 2016, the circuit court summarily dismissed Steiger's habeas petition. Doc. 14-10.

Steiger filed a "Notice of Superintending Appeal to Ala. S. Ct." on June 17, 2016, alleging it would be "futile" for him to appeal the denial of his state habeas petition to the Alabama Court of Criminal Appeals and that the Alabama Supreme Court should review the circuit court's judgment dismissing the habeas petition.[3] By written order issued on June 20, 2016, the Alabama Supreme Court transferred Steiger's habeas appeal to the Alabama Court of Criminal Appeals.[4]

In August 2016, Steiger filed in this court what was docketed as an amended 28 U.S.C. § 2254 petition raising the same claims regarding jail credit that he had raised in

---

[2] *Steiger v. Strickland*, 2:16-cv-594-MHT-WC (M.D. Ala. 2016), Doc. 50-8 at 5–6. The undersigned takes judicial notice of the records of Steiger's previous proceedings in this court. *See United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999) ("A court may take judicial notice of its own records and the records of inferior courts."); Fed. R. Evid. 201.

[3] *Steiger v. Strickland*, 2:16-cv-594-MHT-WC (M.D. Ala. 2016), Doc. 50-10.

[4] *Id.*, Doc. 50-11.

the state habeas proceedings that were still pending in the Alabama courts.[5] *Steiger v. Strickland*, 2:16-cv-594-MHT-WC (M.D. Ala. 2016). In December 2016, this court dismissed Steiger's § 2254 petition without prejudice to allow him to exhaust his claims in the Alabama courts.[6]

As noted above, in June 2016, the Alabama Supreme Court transferred Steiger's state habeas appeal to the Alabama Court of Criminal Appeals. However, on May 16, 2017, the Alabama Court of Criminal Appeals dismissed Steiger's appeal because he failed to file an appellate brief after notice of this deficiency. Doc. 14-11. A certificate of judgment issued on that same date. Doc. 14-12.

In December 2016, Steiger filed a petition for writ of mandamus in the Alabama Supreme Court seeking an order compelling the Alabama Court of Criminal Appeals to consider his state habeas appeal. Doc. 14-13. In February 2017, the Alabama Supreme Court denied Steiger's petition for writ of mandamus. Doc. 14-14.

Steiger filed the instant § 2254 petition on October 6, 2017. Doc. 1. In his petition, he pursues his claim that the ADOC incorrectly calculated his release date from his state sentence by failing to give him credit for time he spent in jail related to his federal charges. *Id.*

Respondents argue that Steiger's claim is due to be dismissed because it is not cognizable in a federal habeas petition and is procedurally defaulted. Docs. 14, 22. As

---

[5] *Id.*, Doc. 22.

[6] *Id.*, Docs. 72, 73.

4

explained below, Respondents' arguments are well taken. However, as also explained below, the court finds Steiger's petition is due to be dismissed for mootness.

## III. DISCUSSION

**A.     Mootness**

Steiger was an Alabama prisoner at Bullock Correctional Facility when he filed this petition on October 6, 2017. He has since been released from state prison, and he is no longer in custody under his Alabama sentence, which has fully expired.

"[M]ootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams*, 807 F. 2d 1286, 1289 (6th Cir. 1986). Where a habeas petitioner attacks only his sentence, and not the underlying conviction, and that sentence expires during the course of the habeas proceeding, the habeas petitioner's claim for relief is moot. *See Lane v. Williams*, 455 U.S. 624, 630–31 (1982). "Nullification of a conviction may have important benefits for a defendant . . . but urging in a habeas corpus proceeding the correction of a sentence already served is another matter." *North Carolina v. Rice*, 404 U.S. 244, 248 (1971).

The mootness of a habeas petition can be raised *sua sponte* by the federal court, even if the issue is not addressed by the parties. *See Brock v. U.S. Dep't of Justice*, 256 F. App'x 748, 750 (6th Cir. 2007). Steiger has completed his state sentence and has been discharged from state custody. This court can conceive of no continuing collateral consequences resulting from Steiger's having been released from his state sentence on a date later than the date on which he says he should have been released. Therefore, Steiger's

jail-credit claim is rendered moot by the completion of his imprisonment term and his discharge from custody. Accordingly, Steiger's petition should be dismissed for mootness.

**B.      Cognizability**

Even if mootness were not a basis for dismissing Steiger's petition, he would be entitled to no relief because his claim does not present a violation of the Federal Constitution. Steiger claims the ADOC incorrectly calculated his release date from his state sentence by failing to give him credit for time he spent in jail related to his federal charges. *See* Doc. 1 at 5–7. He argues that the denial of jail credit violates Ala. Code § 15-18-5, which provides:

> Upon conviction and imprisonment for any felony or misdemeanor, the sentencing court shall order that the convicted person be credited with all of his actual time spent incarcerated pending trial for such offense. The actual time spent incarcerated shall be certified by the circuit clerk or district clerk on forms to be prescribed by the Board of Corrections.

According to Steiger, the alleged failure of Alabama authorities to comply with Ala. Code § 15-18-5 violated his right to due process and resulted in his "unlawful imprisonment." Doc. 1 at 5–7. Respondents argue that Steiger's claim is not cognizable in a federal habeas petition. Doc. 14 at 4; Doc. 22 at 2. The undersigned agrees.

This court and other federal district courts in Alabama have found challenges to the calculation of jail credit pursuant to Ala. Code § 15-18-5 to be foreclosed as non-cognizable for purposes of federal habeas review. *See Russaw v. Wheeler-White*, 2011 WL 2193376, at *4 (M.D. Ala. 2011); *Dupont v. Jones*, 2012 WL 5463834, at *2 (M.D. Ala. 2012); *West v. Alabama*, 2017 WL 3836076, at *2–3 (N.D. Ala. 2017); *see also Gray v. Burton*, 2018 WL 835744, at *5 (M.D. Ala. 2018). Federal habeas corpus relief is available only to

6

correct constitutional injury.  28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a).  Such relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented.  *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (holding errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief); *McCullough v. Singletary*, 967 F.2d 530, 535 (11th Cir. 1992) ("A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.").  Absent federal constitutional violations or allegations alleging such violations, federal habeas review of a state law claim is precluded.  *See Barclay v. Florida*, 463 U.S. 939, 957–58 (1983) ("Mere errors of state law are not the concern of this court . . . unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution.") (citations omitted).

In accordance with these principles, Steiger's jail-credit claim does not present a violation of the Federal Constitution.  The alleged failure of Alabama authorities to award Steiger the proper amount of jail credit, even if true, is a question involving the Alabama courts' interpretation of Alabama law and, thus, does not violate any federal constitutional right to which Steiger is entitled.  Because Steiger's claim involves Alabama's interpretation of its own laws, it is not cognizable in a federal habeas petition and may be dismissed for this reason.

### C.   **Procedural Default**

Respondents also argue, as a basis for dismissing Steiger's petition, that Steiger's jail-credit claim is procedurally defaulted.  Doc. 14 at 2–3 Doc. 22 at 2.

7

Federal habeas review may be unavailable for claims that a state appellate court has rejected on state procedural grounds. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). "Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief." *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992); *see Marek v. Singletary*, 62 F.3d 1295, 1301–02 (11th Cir. 1995).

> By its very definition, the adequate and independent state-ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. *See Fox Film Corp. v. Muller*, 296 U.S. 207, 210 (1935). Thus, by applying this doctrine to habeas cases, [*Wainwright v. Sykes*, 433 U.S. 72 (1977)] curtails reconsideration of the federal issue on federal habeas as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision. In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.

*Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989).

The Alabama Court of Criminal Appeals dismissed Steiger's state habeas appeal because Steiger failed to file an appellate brief after notice of this deficiency. Doc. 14-11. The procedural default created by Steiger's failure to file a brief in conformity with the orders of the Alabama Court of Criminal Appeals is an adequate and independent state law ground for denying relief. *Atkins*, 965 F.2d at 955. Dismissing an appeal in these circumstances is a procedural rule firmly established and regularly applied by Alabama's

8

appellate courts.[7] *See Sitz v. State*, 565 So. 2d 287, 287 (Ala. Crim. App. 1990); *Lacy v. State*, 565 So. 2d 287, 288 (Ala. Crim. App. 1990); *Moore v. Moore*, 279 Ala. 122, 122–23, 182 So. 2d 855, 856 (1966). *See also* Ala. R. App. P. 2(a)(2), 31(c). Consequently, Steiger's claim is procedurally defaulted.

A habeas petitioner can overcome a procedural default either through showing "cause" for the default and resulting prejudice, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or establishing a "fundamental miscarriage of justice," which requires a colorable showing of actual innocence, *Schlup v. Delo*, 513 U.S. 298, 324-27 (1995). Cause for a procedural default must ordinarily turn on whether the petitioner can show that some objective factor external to the defense impeded efforts to comply with the state's procedural rules. *Murray*, 477 U.S. at 488; *United States v. Frady*, 456 U.S. 152, 170 (1982). Here, Steiger asserts no grounds as cause excusing his procedural default, and the actual-innocence exception is inapplicable to his jail-credit claim. Consequently, his defaulted claim is procedurally barred from federal review.[8]

---

[7] In order to bar federal review, the state procedural bar must have been "firmly established and regularly followed" at the time of the alleged default. *Ford v. Georgia*, 498 U.S. 411, 424 (1991).

[8] An alternative basis for finding Steiger's claim to be procedurally defaulted is Steiger's failure to exhaust the claim in the state courts. Before a § 2254 petitioner may obtain federal habeas corpus review, he must "exhaust" his federal claims by raising them in the appropriate court, giving the state courts an opportunity to decide the merits of the constitutional issue raised. *See* 28 U.S.C. § 2254(b)(1), (c); *Duncan v. Walker*, 533 U.S. 167, 178–79 (2001). To exhaust a claim fully, a petitioner must "invok[e] one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review—a petition for a writ of certiorari—filed in the Alabama Supreme Court. *See Smith v. Jones*, 256 F.3d 1135, 1140–41 (11th Cir. 2001); Ala. R. App. P. 39, 40. Because the Alabama Court of Criminal Appeals

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Steiger's petition for writ of habeas corpus be DISMISSED as MOOT. Alternatively, the petition should be DENIED and this case DISMISSED with prejudice because Steiger does not present a Federal Constitutional claim and the claim he presents is procedurally defaulted.

It is further ORDERED that the parties shall file any objections to this Recommendation or before **November 30, 2020.** A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

---

dismissed Steiger's state habeas appeal based on his failure to file a brief, Steiger did not submit his claim to a complete round of Alabama's appellate review process. Under Alabama's rules of procedure, moreover, it is too late for Steiger to return to state court to exhaust his claim. *See, e.g.,* Ala. R. App. P. 39(c)(2). Consequently, the claim is procedurally defaulted. *See Gray v. Netherland*, 518 U.S. 152, 161–62 (1996) (habeas claims not properly exhausted in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules). Finally, as stated above, Steiger does not demonstrate cause for his procedural default.
.

DONE this 13th day of November, 2020.

                               /s/ Jerusha T. Adams
                              JERUSHA T. ADAMS
                              UNITED STATES MAGISTRATE JUDGE