IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRADLEY JOSEPH STEIGER, #229229, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:17cv682-WHA |
| | ) | (wo) |
| DERRICK CARTER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. 33) and the Petitioner's Objections thereto. (Doc. 34).

The Petitioner, Bradley Joseph Steiger, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on October 6, 2017. Doc. 1. Steiger is an inmate serving a 16-year sentence for his 2003 Lowndes County conviction for production of child pornography which runs concurrently with a sentence imposed as a result of his conviction in federal court. *United States v. Steiger*, Case No. 2:00-cr-170-WHA (M.D. Ala. 2001), *aff'd*, *United States v. Steiger*, 318 F.3d 1039 (11th Cir. 2003). Steiger was released from federal prison in November 2015 to begin serving the remainder of his state sentence. He has been released from state custody.

Following an independent evaluation and *de novo* review of the file in this case, the Court finds the objections to be without merit and due to be overruled.

In his petition for writ of habeas corpus, Steiger contends that the Alabama Department of Corrections incorrectly calculated his release date from his state sentence by failing to give him credit for time he spent in jail related to his federal charges. The Magistrate Judge recommended that the petition be dismissed as moot, or alternatively that the petition be denied,

and the case dismissed with prejudice because Steiger does not present a federal constitutional claim and the claim he presents is procedurally defaulted.

Where a habeas petitioner attacks only his sentence, and not the underlying conviction, and that sentence expires during the course of the habeas proceeding, the habeas petitioner's claim for relief is moot. *See Lane v. Williams*, 455 U.S. 624, 630–31 (1982). Steiger objects that he suffers continued effects of the state court miscalculation because it has prolonged the period he must spend on federal supervised release.

Even assuming that his claim is not moot, federal district courts in Alabama have found challenges to the calculation of jail credit to be foreclosed as non-cognizable under federal law. *See Gray v. Burton*, 2018 WL 835744, at *5 (M.D. Ala. 2018), *report and recommendation adopted,* No. 2:14-CV-1153-WKW, 2018 WL 844400, at *1 (M.D. Ala. Feb. 12, 2018); *West v. Alabama*, 2017 WL 3836076, at *2–3 (N.D. Ala. 2017), *report and recommendation adopted,* No. 14CV00931KOBJHE, 2017 WL 3781362, at *1 (N.D. Ala. Aug. 31, 2017); *Dupont v. Jones*, 2012 WL 5463834, at *2 (M.D. Ala. 2012), *report and recommendation adopted*, 2012 WL 5897124 (M.D. Ala. Nov. 8, 2012); *Russaw v. Wheeler-White*, 2011 WL 2193376, at *4 (M.D. Ala. 2011), *report and recommendation adopted*, No. 1:09CV450-TMH, 2011 WL 2183577, at *1 (M.D. Ala. June 6, 2011). This court is persuaded by these cases that Steiger's jail-credit claim is not a basis for federal habeas relief.

For the reasons stated, therefore, it is hereby ORDERED as follows:

1. The Objections are OVERRULED.

2. The Court ADOPTS the Recommendation of the Magistrate Judge.

3. The Petition is DENIED and this case DISMISSED with prejudice.

4. The Motion for Evidentiary Hearing (Doc. 34) is DENIED as moot.

3

A separate Judgment will be entered.

Done this 7th day of December, 2020.

/s/ W. Harold Albritton
W. Harold Albritton
Senior United States District Judge